MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JORGE ANTONIO, SERGIO GOMEZLUIS,
ROGELIO MORALES, ALEJANDRO MELCHOR,
ALEJANDRO LOPEZ, ISMAEL GOMEZ, and
EUSEBIO MORALES, individually and on behalf of
others similarly situated,

        *Plaintiffs*,

    -against-

GRAND SICHUAN INTERNATIONAL 24 INC.
d/b/a GRAND SICHUAN INTERNATIONAL,
GRAND SICHUAN INTERNALTIONAL, INC.,
GRAND SICHUAN INT'L MIDTOWN, INC.,
GRAND SICHUAN EASTERN (NY) INC., GRAND
SICHUAN WESTERN CORP., GRAND SICHUAN
INT'L ST. MARKS, INC., GRAND SICHUAN INT'L
EASTERN, INC., and XIAO TU ZHANG, and
GUANG JUN LI,

        *Defendants.*
----------------------------------------------------------------X

07 CV 6513 (KC)(THK)

**COMPLAINT**

**FLSA Collective Action**

**ECF Case**

  Plaintiffs Jorge Antonio, Sergio Gomezluis, Rogelio Morales, Alejandro Melchor, Alejandro Lopez, Ismael Gomez, and Eusebio Morales, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of Grand Sichuan International 24 Inc., Grand Sichuan International, Grand Sichuan International, Inc., Grand Sichuan Int'l Midtown, Inc., Grand Sichuan Eastern (NY) Inc., Grand Sichuan Western Corp., Grand Sichuan Int'l St. Marks, Inc., Grand Sichuan Int'l Eastern, Inc., all of which are d/b/a Grand Sichuan International (collectively referred to as "Defendant Grand Sichuan Corporations").

2. Defendant Grand Sichuan Corporations, by and through its owners, operates a chain of Chinese Restaurants with four locations in the state of New York. The four locations include: 1) 1049 2nd Avenue, New York, NY, 10022; 2) 745 9th Avenue, New York, NY 10019; 3) 229 9th Avenue, New York, NY 10001; and 4) 19-23 St. Mark's Place, New York, NY, 10003.

3. Grand Sichuan is owned and operated by individual Xiao Tu Zhang, also known as "John" Zhang ("Defendant Zhang"). Upon information and belief, Guang Ju Li ("Defendant Li") also serves as an owner, principal, or agent of Defendant Grand Sichuan Corporations.

4. Defendants have maintained a policy and practice of requiring Plaintiffs and other delivery/stock employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiffs now bring this action, on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq*., and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the

"spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.)

5. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

8. All Plaintiffs are current or former delivery/stock boys of Defendant Grand Sichuan corporations. Their typical day starts at 11 a.m., at which time they clean the windows, bathrooms, restock soft drinks, and clean the basement until 12 p.m. At 12 p.m. the Plaintiffs are allowed to eat soup, which is made for all the employees; however the quantity of soup is minimal and the majority of the delivery/stock boys are not able to serve themselves before the soup is finished. Plaintiffs receive about fifteen minutes to quickly eat. From approximately 12:15 p.m. to 3:00 p.m., Plaintiffs are responsible for all lunch delivery orders. At about 3:00 p.m., Defendants provide fried rice as lunch for all employees. Plaintiffs take approximately 20

minutes to eat their lunch, but must only eat in the basement. From approximately 3:20 p.m. to 6:00 p.m., Plaintiffs are required to move all delivery boxes that arrived at the restaurant down to the basement, unpack the boxes, and organize all merchandise and food. These deliveries include everything from dry food items, perishable items, sodas/beverages, plates, utensils, and to-go supplies. In addition, Plaintiffs are charged with such duties as cutting broccoli for dinner service, preparing napkins and fortune cookies, and bringing supplies from the basement up to the restaurant. Finally, from approximately 6 p.m. to 11 p.m., Plaintiffs complete the dinner delivery service.

9. Plaintiff Jorge Antonio ("Plaintiff Antonio") is an adult individual residing in Queens County, New York. Plaintiff Antonio has been employed by the Defendants as a delivery and stock boy from approximately March 1998 through the present. From approximately 2001 through December 2004, Plaintiff Antonio regularly worked 67 hours per week and received a weekly salary of $150.00. From approximately January 2005 through March 2006, Plaintiff Antonio regularly worked 67 hours per week and received a weekly salary of $162.00. From approximately April 2006 through August 15, 2006, Plaintiff Antonio regularly worked 67 hours per week and received a weekly salary of $185.00. From approximately August 15, 2006 to the present, Plaintiff Antonio regularly works 36 hours per week and receives a weekly salary of $162.00.

10. Plaintiff Sergio Gomezluis ("Plaintiff Gomezluis") is an adult individual residing in Queens County, New York. Plaintiff Gomezluis has been employed by the Defendants as a delivery and stock boy from approximately December 2006 to the present. During his

employment with Defendants, Plaintiff Gomezluis regularly works 67 hours per week and receives a weekly salary of $139.00.

11. Plaintiff Rogelio Morales ("Plaintiff Morales") is an adult individual residing in Queens County, New York. Plaintiff Morales has been employed by the Defendants as a delivery and stock boy from approximately April 16, 2006 through the present. During his employment with Defendants, Plaintiff Morales regularly works 67 hours per week and receives a weekly salary of $139.00.

12. Plaintiff Alejandro Melchor ("Plaintiff Melchor") is an adult individual residing in Queens County, New York. Plaintiff Melchor has been employed by the Defendants as a delivery and stock boy from approximately October 4, 2001 to the present. During his employment with Defendants, Plaintiff Melchor regularly works 67 hours per week and receives a weekly salary of $139.00.

13. Plaintiff Alejandro Lopez ("Plaintiff Lopez") is an adult individual residing in Queens County, New York. Plaintiff Lopez was employed by the Defendants as a delivery and stock boy from approximately July 8, 2002 to April 16, 2006. During his employment with Defendants, Plaintiff Lopez regularly worked 67 hours per week and received a weekly salary of $139.00.

14. Plaintiff Ismael Gomez ("Plaintiff Gomez") is an adult individual residing in Queens County, New York. Plaintiff Gomez was employed by the Defendants as a delivery and stock boy from approximately January 2005 through December 2006. During his employment with Defendants, Plaintiff Gomez regularly worked 67 hours per week and received a weekly salary of $139.00.

...

15.     Plaintiff Eusebio Morales ("Plaintiff Eusebio") is an adult individual residing in Queens County, New York.  Plaintiff Eusebio has been employed by the Defendants as a delivery and stock boy from approximately August 16, 2001 to the present.  During his employment with Defendants, Plaintiff Gomez regularly works 67 hours per week and receives a weekly salary of $139.00.

*Defendants*

16.     Upon information and belief, Defendant's collectively referred to as Grand Sichuan are domestic corporations organized and existing under the laws of the State of New York.

17.     Defendant Grand Sichuan International 24 Inc., Grand Sichuan Western Corp., and Grand Sichuan International, Inc. maintain their corporate headquarters at 229 9th Avenue, New York, New York 10019, conducting business under the name Grand Sichuan International.

18.     Defendant Grand Sichuan Eastern (NY) Inc. and Grand Sichuan Int'l Eastern, Inc. maintain their corporate headquarters at 1049 2nd Avenue, New York, New York 10022.

19.     Defendant Grand Sichuan Int'l St. Marks, Inc. maintains its corporate headquarters at 23 St. Mark's Place, New York, New York 10003,

20.     Defendant Grand Sichuan Int'l Midtown, Inc. maintains its corporate headquarters at 745 9th Avenue, New York, New York 10019.

21.     Upon information and belief, Defendants Zhang and Li are individuals engaged in business in New York City.  Defendants Zhang and Li are sued individually and in their capacity as owners, officers and/or agents of the Defendant Grand Sichuan corporations.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

22.     Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

23.     Defendants willfully disregard and purposefully evade recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

24.     On numerous occasions, Plaintiff Antonio met with Defendant Zhang to discuss his rate of pay, as well as the other delivery/stock boys.  Plaintiff Antonio repeatedly told Defendant Zhang that he was not paying the delivery/stock boys the amount of compensation they were entitled to receive under the law.  On each occasion, Defendant Zhang replied by saying that if Plaintiff Antonio or other delivery/stock boys didn't like it, they could leave.

25.     Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week.  At no time did Plaintiffs receive a W-2 or payment slip.

26.     On numerous occasions, Plaintiffs received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor an additional 20 minutes between 5 p.m. and 7 p.m. when employed on a shift starting before 11 a.m. and continuing after 7 p.m.

*Defendants' Organizational Structure*

27. Upon information and belief, Defendants Zhang and Li are the owners and/or executive directors of the Defendant Grand Sichuan corporations d/b/a Grand Sichuan International.

28. At all relevant times, Defendants Zhang and Li employed and/or jointly employed the Plaintiffs.

29. The gross annual volume of sales made or business done by Defendant Grand Sichuan, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

31. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

32. The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action:

   a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29

U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

**FIRST CAUSE OF ACTION**
**Minimum Wage Act Under the FLSA**

33.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

34.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

35.     At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

36.     Defendant Grand Sichuan corporations constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

37.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

38.     Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Overtime Wage Order Under the FLSA**

39.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

40.     Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

41. Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

42. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

43. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

44. Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

45. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

46. Plaintiff has been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

47. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

48. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

49. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

50. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

51. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

53. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

54. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request that this Court enter judgment against Defendants:

    A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

    B.    Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

    C.    Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

    D.    Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

    E.    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

    F.    Awarding Plaintiffs and the punitive class members damages for the

PDF Creator - PDF4Free v2.0                                             http://www.pdf4free.com

amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

      G.    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

      H.    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

      I.    Awarding Plaintiffs and the punitive class prejudgment interest;

      J.    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

      K.    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
        July 19, 2007

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                              By: _____/s/_____
                                 Michael Faillace [MF-8436]
                                 110 East 59th Street, 32nd Floor
                                 New York, New York 10022
                                 (212) 317-1200
                                 *Attorneys for Plaintiffs*