JACKSON LEWIS LLP
    59 Maiden Lane
    New York, New York 10038-4502
    (212) 545-4000
Attorneys of record:
    Richard I. Greenberg (RG 4911)
    Peter C. Moskowitz (PM 8845)

ATTORNEYS FOR DEFENDANT
GRAND SICHUAN INTERNATIONAL ST. MARKS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ANTONIO, SERGIO GOMEZLUIS, ROGELIO MORALES, ALEJANDRO MELCHOR, ALEJANDRO LOPEZ, ISMAEL GOMEZ, and EUSEBIO MORALES, individually and on behalf of other similarly stated,

                Plaintiff,

         -against-

GRAND SICHUAN INTERNATIONAL 24 INC. d/b/a GRAND SICHUAN INTERNATIONAL, GRAND SICHUAN INTERNATIONAL, INC., GRAND SICHUAN INT'L MIDTOWN, INC., GRAND SICHUAN WESTERN CORP., GRAND SICHUAN INT'L ST. MARKS, INC., GRAND SICHUAN INT'L EASTERN, INC. and XIAO TU ZHANG, and GUANG JUN LI,

                Defendants.

Index No.  07 CV 6513 (KC)(THK)

**ANSWER OF DFENDANT GRAND SICHUAN INTERNATIONAL ST. MARKS, INC.**

DEFENDANT, Grand Sichuan International St. Marks, Inc. ("Defendant"), by and through its undersigned attorneys, Jackson Lewis LLP, for its Answer to Plaintiff's Complaint (the "Complaint"), hereby states as follows:

## AS TO "NATURE OF THE ACTION"

1.      Defendant denies each and every allegation set forth in Paragraph "1" of the Complaint.

2.       Defendant denies each and every allegation set forth in Paragraph "2" of the Complaint.

3.      Defendant denies each and every allegation set forth in Paragraph "3" of the Complaint.

4.      Defendant denies each and every allegation set forth in Paragraph "4" of the Complaint, except admits that Plaintiffs allege they bring this action for unpaid minimum wages and overtime wages.

5.      Defendant denies each and every allegation set forth in Paragraph "5" of the Complaint, except admits that Plaintiffs allege they seek certification of a collective action.

## AS TO "JURISDICTION AND VENUE"

6.      No response is required to the allegations set forth in Paragraph "6" of the Complaint to the extent they call for a legal conclusion.  Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint, except admits that Plaintiffs allege this Court has jurisdiction over Defendants and this matter.

7.      No response is required to the allegations set forth in Paragraph "7" of the Complaint to the extent they call for a legal conclusion.  Defendant denies each and every allegation set forth in Paragraph "7" of the Complaint, except admits that Plaintiffs allege this Court has jurisdiction over Defendants.

## AS TO "PARTIES"

8.      Defendant denies each and every allegation set forth in Paragraph "8" of the Complaint.

9.    Defendant denies each and every allegation set forth in Paragraph "9" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "9" of the Complaint concerning Plaintiff Antonio's county of residence.

10.    Defendant denies each and every allegation set forth in Paragraph "10" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "10" of the Complaint concerning Plaintiff Gomezluis' county of residence.

11.    Defendant denies each and every allegation set forth in Paragraph "11" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "11" of the Complaint concerning Plaintiff Morales' county of residence.

12.    Defendant denies each and every allegation set forth in Paragraph "12" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "12" of the Complaint concerning Plaintiff Melchor's county of residence.

13.    Defendant denies each and every allegation set forth in Paragraph "13" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "13" of the Complaint concerning Plaintiff Lopez' county of residence.

14.    Defendant denies each and every allegation set forth in Paragraph "14" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "14" of the Complaint concerning Plaintiff Gomez' county of

residence.

15. Defendant denies each and every allegation set forth in Paragraph "15" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph "15" of the Complaint concerning Plaintiff Morales' county of residence.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint, except admit that Defendant is a New York corporation.

17. Defendant denies each and every allegation set forth in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of the Complaint, except avers that Defendant is located at 23 St. Mark's Place, New York, New York 10003.

20. Defendant denies each and every allegation set forth in Paragraph "20" of the Complaint.

21. Defendant denies each and every allegation set forth in Paragraph "21" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Defendant Li, and avers that Xiao Tu Zhang owns a minority interest in Defendant.

### AS TO "STATEMENT OF FACTS"

22. Defendant denies each and every allegation set forth in Paragraph "22" of the Complaint.

23.     Defendant denies each and every allegation set forth in Paragraph "23" of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendant denies each and every allegation set forth in Paragraph "25" of the Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant denies each and every allegation set forth in Paragraph "27" of the Complaint.

28.     Defendant denies each and every allegation set forth in Paragraph "28" of the Complaint.

29.     Defendant denies each and every allegation set forth in Paragraph "29" of the Complaint.

30.     Defendant denies each and every allegation set forth in Paragraph "30" of the Complaint.

31.     Defendant denies each and every allegation set forth in Paragraph "31" of the Complaint.

32.     Defendant denies each and every allegation set forth in Paragraph "32" of the Complaint.

### AS TO PLAINTIFF'S "FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA"

33.     Defendant repeats and realleges each and every one of its responses to Plaintiffs' allegations set forth in Paragraphs "1" to "32" of the Complaint, inclusive, as if set

forth herein in full.

34.     No response is required to the allegations set forth in Paragraph "34" of the Complaint to the extent they call for a legal conclusion.  Defendant denies each and every allegation set forth in Paragraph "34" of the Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph "35" of the Complaint.

36.     No response is required to the allegations set forth in Paragraph "36" of the Complaint to the extent they call for a legal conclusion.  Defendant denies each and every allegation set forth in Paragraph "36" of the Complaint.

37.     Defendant denies each and every allegation set forth in Paragraph "37" of the Complaint.

38.     Defendant denies each and every allegation set forth in Paragraph "38" of the Complaint.

## AS TO PLAINTIFF'S "SECOND CAUSE OF ACTION
### Overtime Wage Order Under FLSA"

39.     Defendant repeats and realleges each and every one of its responses to Plaintiff's allegations set forth in Paragraphs "1" to "38" of the Complaint, inclusive, as if set forth herein in full.

40.     Defendant denies each and every allegation set forth in Paragraph "40" of the Complaint.

41.     Defendant denies each and every allegation set forth in Paragraph "41" of the Complaint.

## AS TO PLAINTIFF'S "THIRD CAUSE OF ACTION
## Minimum Wage Act Under the NYLL"

42.     Defendant repeats and realleges each and every one of its responses to Plaintiff's allegations set forth in Paragraphs "1" to "41" of the Complaint, inclusive, as if set forth herein in full.

43.     No response is required to the allegations set forth in Paragraph "43" of the Complaint to the extent they call for a legal conclusion. Defendant denies each and every allegation set forth in Paragraph "43" of the Complaint.

44.     Defendant denies each and every allegation set forth in Paragraph "44" of the Complaint.

45.     Defendant denies each and every allegation set forth in Paragraph "45" of the Complaint.

46.     Defendant denies each and every allegation set forth in Paragraph "46" of the Complaint.

## AS TO PLAINTIFF'S "FOURTH CAUSE OF ACTION
## Overtime Wage Order Under the NYLL"

47.     Defendant repeats and realleges each and every one of its responses to Plaintiff's allegations set forth in Paragraphs "1" to "47" of the Complaint, inclusive, as if set forth herein in full.

48.     Defendant denies each and every allegation set forth in Paragraph "48" of the Complaint.

49.     Defendant denies each and every allegation set forth in Paragraph "49" of the Complaint.

50.     Defendant denies each and every allegation set forth in Paragraph "50" of the Complaint.

## AS TO PLAINTIFF'S "FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order"

51. Defendant repeats and realleges each and every one of its responses to Plaintiff's allegations set forth in Paragraphs "1" to "50" of the Complaint, inclusive, as if set forth herein in full.

52. Defendant denies each and every allegation set forth in Paragraph "52" of the Complaint.

53. Defendant denies each and every allegation set forth in Paragraph "53" of the Complaint.

54. Defendant denies each and every allegation set forth in Paragraph "54" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted in that none of the Plaintiffs were employed by or provided services to Defendant Grand Sichuan International St. Marks, Inc.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. The claims of Plaintiffs and any unnamed putative class members are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. The claims of Plaintiffs and any unnamed putative class members are barred by the doctrines of laches, waiver and/or estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59.    Defendant is informed and believes, and on that basis alleges, that Plaintiffs and the proposed class members, in the exercise of reasonable diligence, could have mitigated the alleged monetary damages to themselves and that Plaintiffs and the proposed class members failed to exercise such reasonable diligence and have not mitigated such alleged monetary damages.  By reason thereof, Plaintiffs and the proposed class members are barred, in whole or in part, from recovering any damages from Defendant.

Defendant reserves the right to amend its Answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins in this action as those claims become known during this litigation.

WHEREFORE, Defendant respectfully requests that the Court:

a.    Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b.    Deny each and every demand and prayer for relief contained in the Complaint;

c.    Award Defendant reimbursement for the reasonable attorneys' fees and costs it incurs in defending Plaintiffs' Complaint which is frivolous, unreasonable and without foundation; and

    d.      Grant Defendant such other and fourth relief as the Court deems just and

proper.

Respectfully submitted,

JACKSON LEWIS LLP

    59 Maiden Lane
    New York, New York 10038-4502
    (212) 545-4000

Dated: November 2, 2007        By: _____
      New York, New York

    Richard I. Greenberg (RG 4911)
    Peter C. Moskowitz (PM 8845)

    ATTORNEYS FOR DEFENDANT
    GRAND SICHUAN INTERNATIONAL
    ST. MARKS, INC.