LAW OFFICES OF BING LI, LLC
Bing Li (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
Attorneys for Defendant
Grand Sichuan International 24 Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| JORGE ANTONIO, SERGIO GOMEZLUIS, ROGELIO MORALES, ALEJANDRO MELCHOR, ALEJANDRO LOPEZ, ISMAEL GOMEZ, and EUSEBIO MORALES, individually an don behalf of other similarly stated, | 07 Civ. 6513 (PKC) (THK) |

Plaintiffs,

-against-

| | |
|---|---|
| GRAND SICHUAN INTERNATIONAL 24 INC. d/b/a GRAND SICHUAN INTERNATIONAL, GRAND SICHUAN INTERNATIONAL, INC., GRAND SICHUAN INT'L MIDTOWN, INC., GRAND SICHUAN WESTERN CORP., GRAND SICHUAN INT'L ST. MARKS, INC., GRAND SICHUAN INT'L EASTERN, INC., and XIAO TU ZHANG, and GUANG JUN LI, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GRAND SICHUAN INTERNATIONAL 24 INC.** <br><br> **JURY TRIAL DEMANDED** |

Defendants.

-----------------------------------------------------------------x

Defendant, GRAND SICHUAN INTERNATIONAL 24 INC. ("Answering

Defendant"), by and through its attorneys, Law Offices of Bing Li, LLC, for its Answer to

Plaintiffs' Complaint ("Complaint"), hereinafter alleges at all times and upon information and

belief as follows:

## NATURE OF THE ACTION

1.      Deny the allegations made in Paragraph 1 of the Complaint to the extent they are asserted against the Answering Defendant.

2.      Deny the allegations made in Paragraph 2 of the Complaint to the extent they are asserted against the Answering Defendant, except admit that the Answering Defendant is currently located at 229 9th Avenue, New York, NY 10001.

3.      Deny the allegations made in Paragraph 3 of the Complaint to the extent they are asserted against the Answering Defendant.

4.      Deny the allegations made in Paragraph 4 of the Complaint to the extent they are asserted against the Answering Defendant.

5.      Plaintiffs purport to make legal conclusions in Paragraph 5 to which no response is required.

## JURISDICTION AND VENUE

6.      Plaintiffs purport to make legal conclusions in Paragraph 6 to which no response is required.

7.      Plaintiffs purport to make legal conclusions in Paragraph 7 to which no response is required.

## PARTIES

### *Plaintiffs*

8.      Deny the allegations made in Paragraph 8 of the Complaint to the extent they are asserted against the Answering Defendant.

9.      Deny the allegations made in Paragraph 9 of the Complaint to the extent they are asserted against the Answering Defendant.

10.     Deny the allegations made in Paragraph 10 of the Complaint to the extent they are asserted against the Answering Defendant.

11.     Deny the allegations made in Paragraph 11 of the Complaint to the extent they are asserted against the Answering Defendant.

12.     Deny the allegations made in Paragraph 12 of the Complaint to the extent they are asserted against the Answering Defendant.

13.     Deny the allegations made in Paragraph 13 of the Complaint to the extent they are asserted against the Answering Defendant.

14.     Deny the allegations made in Paragraph 14 of the Complaint to the extent they are asserted against the Answering Defendant.

15.     Deny the allegations made in Paragraph 15 of the Complaint to the extent they are asserted against the Answering Defendant.

### *Defendants*

16.     Deny the allegations made in Paragraph 16 of the Complaint to the extent they are asserted against the Answering Defendant, except admit that the Answering Defendant is a New York corporation.

17.     Deny the allegations made in Paragraph 17 of the Complaint to the extent they are asserted against the Answering Defendant, except admit that the Answering Defendant is currently located at 229 9th Avenue, New York, NY 10001.

18.     The allegations contained in Paragraph 18 do not pertain to the Answering Defendant and therefore no response is required.

19.     The allegations contained in Paragraph 19 do not pertain to the Answering Defendant and therefore no response is required.

20.    The allegations contained in Paragraph 20 do not pertain to the Answering Defendant and therefore no response is required.

21.    The allegations contained in Paragraph 21 do not pertain to the Answering Defendant and therefore no response is required.

## STATEMENT OF FACTS

### *Defendants' Employment and Compensation Practices*

22.    Deny the allegations made in Paragraph 22 of the Complaint to the extent they are asserted against the Answering Defendant.

23.    Deny the allegations made in Paragraph 23 of the Complaint to the extent they are asserted against the Answering Defendant.

24.    The allegations contained in Paragraph 24 do not pertain to the Answering Defendant and therefore no response is required.

25.    Deny the allegations made in Paragraph 25 of the Complaint to the extent they are asserted against the Answering Defendant.

26.    Deny the allegations made in Paragraph 26 of the Complaint to the extent they are asserted against the Answering Defendant.

### *Defendants' Organization Structure*

27.    The allegations contained in Paragraph 27 do not pertain to the Answering Defendant and therefore no response is required.

28.    The allegations contained in Paragraph 28 do not pertain to the Answering Defendant and therefore no response is required.

29.    Deny the allegations made in Paragraph 29 of the Complaint to the extent they are asserted against the Answering Defendant.

*Collective Action Claim*

30.     Deny the allegations made in Paragraph 30 of the Complaint to the extent they are asserted against the Answering Defendant.

31.     Deny the allegations made in Paragraph 31 of the Complaint to the extent they are asserted against the Answering Defendant.

32.     Deny the allegations made in Paragraph 32 of the Complaint to the extent they are asserted against the Answering Defendant.

## FIRST CAUSE OF ACTION
### Minimum Wage Act under the FLSA

33.     The Answering Defendant repeats and realleges each and every response contained in paragraphs "1" through "32" as though fully set forth herein.

34.     Deny the allegations made in Paragraph 34 of the Complaint to the extent they are asserted against the Answering Defendant.

35.     Deny the allegations made in Paragraph 35 of the Complaint to the extent they are asserted against the Answering Defendant, except admit the Answering Defendant is a restaurant establishment serving Chinese Sichuan style prepared food.

36.     Deny the allegations made in Paragraph 36 of the Complaint to the extent they are asserted against the Answering Defendant.

37.     Deny the allegations made in Paragraph 37 of the Complaint to the extent they are asserted against the Answering Defendant.

38.     Deny the allegations made in Paragraph 38 of the Complaint to the extent they are asserted against the Answering Defendant.

## SECOND CAUSE OF ACTION
**Overtime Wage Order under the FLSA**

39.     The Answering Defendant repeats and realleges each and every response contained in paragraphs "1" through "38" as though fully set forth herein.

40.     Deny the allegations made in Paragraph 40 of the Complaint to the extent they are asserted against the Answering Defendant.

41.     Deny the allegations made in Paragraph 41 of the Complaint to the extent they are asserted against the Answering Defendant.

## THIRD CAUSE OF ACTION
**Minimum Wage Act under the NYLL**

42.     The Answering Defendant repeats and realleges each and every response contained in paragraphs "1" through "41" as though fully set forth herein.

43.     Deny the allegations made in Paragraph 43 of the Complaint to the extent they are asserted against the Answering Defendant.

44.     Deny the allegations made in Paragraph 44 of the Complaint to the extent they are asserted against the Answering Defendant.

45.     Deny the allegations made in Paragraph 45 of the Complaint to the extent they are asserted against the Answering Defendant.

46.     Deny the allegations made in Paragraph 46 of the Complaint to the extent they are asserted against the Answering Defendant.

## FOURTH CAUSE OF ACTION
**Overtime Wage Order under the NYLL**

47.     The Answering Defendant repeats and realleges each and every response contained in paragraphs "1" through "46" as though fully set forth herein.

48.     Deny the allegations made in Paragraph 48 of the Complaint to the extent they are asserted against the Answering Defendant.

49.     Deny the allegations made in Paragraph 49 of the Complaint to the extent they are asserted against the Answering Defendant.

50.     Deny the allegations made in Paragraph 50 of the Complaint to the extent they are asserted against the Answering Defendant.

**FIFTH CAUSE OF ACTION**
**Spread of Hours under the NYLL**

51.     The Answering Defendant repeats and realleges each and every response contained in paragraphs "1" through "50" as though fully set forth herein.

52.     Deny the allegations made in Paragraph 52 of the Complaint to the extent they are asserted against the Answering Defendant.

53.     Deny the allegations made in Paragraph 53 of the Complaint to the extent they are asserted against the Answering Defendant.

54.     Deny the allegations made in Paragraph 54 of the Complaint to the extent they are asserted against the Answering Defendant.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

55.     The Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

56.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

57.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58.     Plaintiffs' claims are barred, in whole or in part, by the tip credits and allowances received from the Answering Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59.     Plaintiffs' claims are barred, in whole or in part, by other wages received from the Answering Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60.     Plaintiffs' claims are barred, in whole or in part, by the benefits received at the reasonable or actual cost of the Answering Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61.     Plaintiffs' claims are barred, in whole or in part, by excludable non-compensable time.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

62.     Plaintiffs' claims are barred, in whole or in part, by the "de minimus doctrine."

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

63.     The Answering Defendant acted in good faith and had reasonable grounds to believe it was not in violation of the Federal and New York state laws and, as a result, Plaintiffs are not entitled to liquidated damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

64.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

**WHEREFORE**, the Answering Defendant respectfully request that the Court (1) dismiss the Complaint in its entirety, with prejudice; (2) deny each and every demand and prayer for relief contained in the Complaint; (3) award the Answering Defendant reasonable attorney's fees and costs in defending Plaintiffs' Complaint; and grant the Answering Defendant such other and further relief that the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Answering Defendant hereby demands a trial by jury as to all issues herein so triable.

Dated: New York, New York
       January 18, 2008

                                        LAW OFFICES OF BING LI, LLC
                                        Attorneys for Grand Sichuan
                                        International 24, Inc., the Answering
                                        Defendant herein

                                        By:/s/_____
                                            Bing Li (BL 5550)